**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**A & B HYDRAULIC COMPANY, Respondent.**

No. 04–1762.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Before NELSON, SILER, and BATCHELDER, Circuit Judges.

*JUDGMENT*

The National Labor Relations Board (the "Board") applies for summary enforcement of its March 31, 2004, decision and order in Case No. 7–CA–46735 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. *See* 29 U.S.C. § 160(e).

It therefore is ORDERED and ADJUDGED that the Board's decision and order in Case No. 7–CA–46735 is hereby enforced. The respondent, A & B Hydraulic Company, its officers, agents, successors, and assigns, shall abide by the provisions of said decision and order. (See Attachments.)

ORDER

The National Labor Relations Board orders that the Respondent, A & B Hydraulic Co., St. Clair Shores, Michigan, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Failing and refusing to bargain collectively and in good faith with Local 155, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL—CIO, as the designated servicing agent of the International Union, by unilaterally canceling and failing to continue health care benefits for unit employees. The appropriate unit consists of the employees described in article 1, section 1 of the most recent collective-bargaining agreement between the Respondent and the International Union.

(b) Closing its business operations at its St. Clair Shores facility without providing Local 155 prior notice and an opportunity to bargain over the effects of the closing on unit employees.

(c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Restore the unit employees' health care benefits, make all required benefit fund payments or contributions, if any, that have not been made, and reimburse unit employees for any expenses resulting from its unlawful failure to continue health care benefits as of May 2003, with interest, as set forth in the remedy section of this Decision.

(b) On request, bargain with Local 155, as the designated servicing agent of the International Union, concerning the effects on the unit employees of Respondent's decision to cease doing business at its St. Clair Shores facility, and reduce to writing and sign any agreement reached as a result of such bargaining.

(c) Pay to unit employees their normal wages for the period set forth in the remedy section of this decision.

(d) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(e) Within 14 days after service by the Region, duplicate and mail, at its own expense and after being signed by the Respondent's authorized representative, copies of the attached notice marked "Appendix" to Local 155 and all unit employees employed by the Respondent at any time since May 2003.

(f) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

APPENDIX

NOTICE TO EMPLOYEES

MAILED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated Federal labor law

and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to bargain collectively and in good faith with Local 155, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL—CIO, as the designated servicing agent of the International Union, by unilaterally canceling and failing to continue health care benefits for unit employees. The appropriate unit consists of the employees described in article 1, section 1 of our most recent collective-bargaining agreement with the International Union.

WE WILL NOT close our business operations at our St. Clair Shores facility without providing Local 155 prior notice and an opportunity to bargain over the effects of the closing on unit employees.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL restore the unit employees' health care benefits, make all required benefit fund payments or contributions, if any, that have not been made, and reimburse unit employees for any expenses resulting from our unlawful failure to continue health care benefits as of May 2003, with interest.

WE WILL, on request, bargain with Local 155, as the designated servicing agent of the International Union, concerning the effects on unit employees of our decision to cease doing business at the St. Clair Shores facility, and reduce to writing and sign any agreement reached as a result of such bargaining.

WE WILL Pay to unit employees limited backpay in connection with our failure to bargain over the effects of the closing of the St. Clair Shores facility, as required by the Decision and Order of the National Labor Relations Board.